# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Jimmy Lee Ly,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal Case No. 11-337 ADM
Civil Case No. 13-1162 ADM

_____

Andrew R. Winter, Esq., United States Attorney's Office, Minneapolis, MN.

James Lee Ly, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Jimmy Lee Ly's ("Ly") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 40] (the "Motion"). For the reasons set forth below, Ly's motion is denied.

## II. BACKGROUND

On December 13, 2011, Ly pled guilty to possessing methamphetamine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). See Sentencing J. [Docket No. 23]. On April 25, 2012, Ly was sentenced to 230 months of incarceration, a downward variance from his guideline range of 262 to 327 months. On May 1, 2012, Ly filed a timely Notice of Appeal, and the Eighth Circuit Court of Appeals affirmed Ly's sentence on October 12, 2012. United States v. Ly, 489 F. App'x 989 (8th Cir. Oct. 12, 2012).

Ly now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence. Ly states three

grounds as his basis for seeking relief. Although all three claims allege ineffective assistance of counsel, the first two pertain to Ly's argument that the Government improperly venued the criminal action against him. The third claim relates to an alleged violation of the Fourth Amendment.

First, Ly claims his attorney failed to advise him that the criminal action against him was improperly venued. As a result, Ly claims he did not enter his plea agreement knowingly, intelligently, and voluntarily because he would not have accepted the plea agreement if he had "known the indictment was subject to dismissal for improper venue." Mot. 5.

Second, Ly claims his attorney failed to inform him of his Sixth Amendment right to be tried in the district where the crime was committed. Id. at 6. Because Ly maintains the Government brought charges against him in the wrong district, he argues his counsel failed to protect his constitutional and statutory rights.

Third and finally, Ly claims his counsel failed to conduct the "minimal required investigation under Cronic," which is likely a reference to United States v. Cronic, 466 U.S. 648 (1984). Because, Ly alleges, his counsel did not perform a sufficient investigation, counsel failed to discover the evidence used against him had been obtained in violation of the Fourth Amendment. Specifically, Ly contends the Government illegally attached a global positioning system (GPS) device to his car. Mot. 8.

### III. DISCUSSION

**A. Legal Standards**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See

United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

As noted, each of Ly's claims allege ineffective assistance of counsel. A court may grant relief for the ineffective assistance of counsel if the defendant demonstrates two conditions:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. And courts employ a strong presumption counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

## B. Improper Venue

Ly's first two ineffective assistance of counsel claims stem from his argument that the Government filed its criminal action in the wrong district. Article III, § 2 of the Constitution and the Sixth Amendment both require a criminal case to be brought in the state where the defendant

3

allegedly committed the crime. Rule 18 of the Federal Rules of Criminal Procedure similarly states, "the government must prosecute an offense in a district where the offense was committed."

The Government argues it properly brought charges against Ly in the District of Minnesota. Ly neither indicates why the District of Minnesota was an improper venue, nor what other district would have been proper. On the contrary, Ly testified at his Change of Plea hearing that the events leading to his arrest and conviction—selling eight ounces of methamphetamine and illegally possessing three firearms—occurred in the District of Minnesota. Change of Plea Hr'g Tr. [Docket No. 31] 19-20. The Government further observes that a defendant may be tried in any district where he had possession of illegal drugs, regardless of where he intended to distribute them. United States v. Granados, 117 F.3d 1089, 1091 (8th Cir. 1997).

Ly properly faced charges in the District of Minnesota, and as a result his two ineffective assistance of counsel claims based on improper venue cannot succeed. Ly testified under oath that he was found with illegal drugs in this district. When the Government questioned Ly to establish the factual basis for his plea, Ly himself confirmed he had sold drugs from a hotel in the District of Minnesota. Change of Plea Hr'g Tr. 19-20. Given these facts, venue in this action was proper. As a result, Ly has failed to demonstrate how his counsel's performance was deficient. See Strickland, 466 U.S. at 687. For the same reason, Ly has failed to show how he suffered any prejudice. Id.

Ly's first two ineffective assistance of counsel claims also fail because Ly willingly entered a plea of guilty. Ly's challenge of his plea agreement focuses solely on improper venue.

4

Nevertheless, the Court observes Ly knowingly, intelligently, and voluntarily accepted the Government's plea agreement as a whole. The transcript of Ly's Change of Plea hearing reflects numerous instances in which Ly confirmed his understanding of and agreement to the proceedings. See Change of Plea Hr'g Tr. 6-18. For this reason, the Eighth Circuit upheld the appeal waiver in Ly's plea as valid. See Ly, 489 F. App'x 989 (citing United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011)). Because Ly intelligently entered a plea of guilty, he "waived all nonjurisdictional irregularities and defenses," including any defects with respect to venue. Bistram v. United States, 253 F.2d 610, 613 (8th Cir. 1958).

**C. Fourth Amendment Rights**

For his third claim, Ly argues his counsel failed to sufficiently investigate his case, and thus failed to discover the Government's illegal use of a GPS tracking device. The Government responds that Ly's counsel performed effectively. Ly's counsel made the strategic decision, in light of the evidence against Ly, to recommend accepting an early plea bargain with relatively favorable terms. Even if counsel had not performed effectively, the Government contends the significant evidence against Ly would have led to the same or a longer sentence, thus precluding a finding of prejudice under the second Strickland factor. Finally, the Government argues Ly waived his right to bring pretrial motions, including motions to suppress evidence, meaning he voluntarily chose to waive any search and seizure issues and cannot raise them now.

The sufficiency of an attorney's investigation into the facts and law of a criminal case must be viewed in terms of objective reasonableness. As the Court held in Strickland, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 690-91. The facts of a given case, or the

defendant's own statements, may diminish the need for further investigation. Id. at 691. So long as counsel has exercised "reasonable professional judgment," the reviewing court should presume adequate assistance. Id. at 690.

Ly's ineffective assistance of counsel claim based on the Fourth Amendment fails. Ly offers no argument or evidence indicating how the Government violated his Fourth Amendment rights. He refers to a GPS tracking device, but does not allege how the Government used the device in violation of the Fourth Amendment. Nor does Ly allege what evidence would have otherwise been suppressed if the Government had violated the Fourth Amendment. On the contrary, the record indicates the Government identified Ly's drug-selling activities based on a report made to local law enforcement. See, e.g., Def.'s Sentencing Position Mem. [Docket No. 20] 2. Without some further evidence, there is no basis for concluding Ly's counsel failed to identify a violation of the Fourth Amendment.

In light of the evidence against Ly, his counsel exercised reasonable professional judgment in recommending an early plea bargain. The Government retrieved a large quantity of narcotics and three firearms, which Ly admitted to illegally possessing. Given the physical evidence, and considering Ly's past criminal history, Ly potentially faced a very lengthy sentence. By the terms of his plea agreement, the Government dismissed Count 2 of the Information, for possessing firearms in violation of 18 U.S.C. § 924(c)(1). It also dismissed an additional drug-related charge stemming from the violation of a pretrial condition. These dismissals resulted in a considerable reduction of Ly's guideline sentencing range. Ly has not demonstrated how his counsel's performance in these negotiations fell below Strickland's objective threshold for attorney conduct, particularly in light of the presumption in favor of

adequate performance.

Ly briefly mentions Cronic, 466 U.S. 648, but this decision does not alter his motion's outcome. Cronic held that when defense counsel utterly fails to challenge the prosecution's case against the defendant, the court should presume prejudice in satisfaction of the second Strickland factor. Id. at 659; see also United States v. White, 341 F.3d 673, 677-78 (8th Cir. 2003). As discussed above, neither Ly nor the record indicate how such a failure to challenge occurred here.

Finally, Ly knowingly waived his right to raise pretrial motions, and further testified to his satisfaction with counsel. As discussed above, Ly knowingly and voluntarily entered his guilty plea. As part of his plea, Ly affirmatively waived his right to pursue pretrial motions. Change of Plea Hr'g Tr. 9.[1] This waiver further precludes his third ineffective assistance of counsel claim. See Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980) (holding "a voluntary guilty plea effectively waives all nonjurisdictional defects," including Fourth Amendment challenges). At the same hearing, the Court also asked Ly if he was satisfied with his counsel's

---

[1] Ly specifically waived his right to challenge the Government's evidence and conduct:

> Q. Also, because you're pleading guilty at an early stage in the proceedings here, Ms. Atwal is not going to be able to bring any pretrial motions about whether the police conduct was appropriate, what evidence should be admissible at your trial, what discovery there should be. There's a whole number of subjects of pretrial motions, but we're going to instead, if we follow this agreement, move ahead to sentencing issues instead of whether or not you're guilty. Do you understand that?
>
> A. Yes, I do.

Change of Plea Hr'g Tr. 9.

performance, and Ly answered, "Yes, I am." Change of Plea Hr'g Tr. 6-7. As a result, Ly's motion is denied.

### IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 motion differently, or that any of the issues raised in Ly's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Ly is not entitled to relief under § 2255. 28 U.S.C. § 2255; Engelen, 68 F.3d at 240.

### V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Ly's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence [Docket No. 40] is **DENIED**.  A certificate of appealability shall not issue.

>BY THE COURT:
>
>s/Ann D. Montgomery
>
>_____
>ANN D. MONTGOMERY
>U.S. DISTRICT JUDGE

Dated: August 13, 2013